UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARGIE P. SHEPHARD, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Case No. 22-1097 |
| WARDEN SEGAL, | ) ) ) |
| Respondent. | ) |

**ORDER AND OPINION**

Before the Court is Petitioner Margie P. Shephard's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (D. 1). For the reasons set forth below, Petitioner's § 2241 Petition is DISMISSED.

**ANALYSIS**

Petitioner is currently in the custody of the Federal Bureau of Prisons ("BOP") and housed at Pekin Federal Correctional Institution. Petitioner is challenging the way her good time credits are awarded per the First Step Act of 2018. (D. 1, p. 4). The Petition alleges the BOP has failed to award her 365 days of good time credit based on past productive activities, making her projected release date wrong. *Id.* at p. 6.

Under Rule 4, Rules Governing Section 2254 Cases, the Court is required to review a petition filed under Section 2241 and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* The Court's preliminary review under Rule 4 reveals that Petitioner has not exhausted her administrative remedies.

The Court has authority under 28 U.S.C. § 2241 to review disciplinary sanctions imposed by the Bureau of Prisons for violating prison regulations; however, this Court may do so only after the petitioner has exhausted her available administrative remedies. *See United States v. Wilson*, 503 U.S. 329. 335 (1992). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542.10 *et seq.*, whereby a federal prisoner may seek formal review of any aspect of her imprisonment. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise her complaint with the warden of the institution where she is confined. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may then appeal an adverse decision to the Regional Office and then to the BOP's Central Office. *Id.* at § 542.15(a). No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office. *Id.*

The Petition makes clear that Petitioner did not exhaust her administrative remedies. (D. 1, p. 6). Failure to satisfy the procedural rules of the BOP's administrative process constitutes a procedural default. *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986). If a petitioner has not appealed, review of a habeas claim is barred absent a showing of cause and prejudice. *Id.* Here, the Petition states there are no grounds for why she did not present her claim in all appeals that were available to her. (D. 1, p. 7). Thus, the Court discerns no external objective factor which prevented Petitioner from pursuing her available administrative remedies.

## CONCLUSION

For the reasons stated above, Petitioner's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED. This case is now TERMINATED. The Clerk is DIRECTED to close this case.

ENTERED this 28th day of April, 2022.

                                              /s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge